**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WAYNE COUNTY AIRPORT AUTHORITY,

   Plaintiff,

v.               Case No. 11-15472
                Honorable Denise Page Hood

ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY, a California Corporation; FEDERAL
INSURANCE COMPANY, an Indiana Corporation;
LEXINGTON INSURANCE COMPANY, a Delaware
Corporation; and XL INSURANCE AMERICA, INC.,
a Delaware Corporation

   Defendants.

_____/

## <u>ORDER DENYING DEFENDANTS' MOTION TO DISMISS</u>

### I.  INTRODUCTION

   This matter involves a choice of forum clause in an insurance contract. Plaintiff filed the

present action on December 14, 2011 requesting declaratory relief and alleging breach of

contract, unfair trade practice and bad faith and estoppel. Now before the Court is Defendants'

Motion to Dismiss. The matter has been fully briefed and the Court has heard oral arguments.

Upon consideration of the parties' briefs and oral arguments, the Court **DENIES** Defendants'

motion to dismiss.

### II.  BACKGROUND

   Plaintiff Wayne County Airport Authority is a governmental entity that operates Willow

Run Airport. The Defendants are insurances companies. Allianz Global Risks US Insurance

Company is domiciled in California with a principal place of business in Illinois. Federal

Insurance Company is domiciled in Indiana with a principal place of business in New Jersey. Lexington Insurance Company is domiciled in Delaware with a principal place of business in Massachusetts. XL Insurance America, Inc. is domiciled in Delaware with its principal place of business in Connecticut.

Defendants issued materially identical policies to Plaintiff for the period of April 12, 2010 to April 12, 2011 for $1 billion dollar property loss. Coverage was allocated between Defendants as follows: Lexington – 50%; XL – 25%; Allianz – 15%; and Federal – 10%. On February 12, 2011, a hanger at Willow Run Airport suffered water damage in the amount of $5,000,000. Plaintiff alleges that Defendants have not complied with the policy by remitting the $5,000,000 in a timely manner.

## III.   ANALYSIS

### A.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendants rely on *Ferris & Salter, P.C. v. Thomson Reuters Corp.*, 819 F.Supp.2d 667, 2011 WL 4962912 (E.D. Mich. Oct. 19, 2011), to assert that a Rule 12(b)(6) motion is the proper mechanism to request dismissal of the action on the basis of a forum selection clause. *See Id.* at *4-5.[1] Citing Sixth Circuit precedent, a district court dismissed an action without prejudice pursuant to Rule 12(b)(6) based on a valid forum selection clause. *Id.* at 5.

Defendants have attached a true and correct copy of the insurance policy issued to Plaintiff by Allianz. Plaintiff makes no objection. The Court may consider items attached to the defendant's motion if they are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). In fact, "extrinsic materials [that] merely 'fill in the contours and details' of a complaint, …add nothing new and may be considered without converting the motion to one for summary judgment." *Id.* (*quoting Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)). The Court will proceed with analysis under Rule 12(b)(6).

### B.  Forum Selection Clause

Defendants argue that the insurance policy contains a forum selection clause and request that the Court deem that the Eastern District of Michigan is not the proper forum for the parties' dispute. The policy of insurance provides:

> In the event that any disagreement arises between the Insured and the Company requiring judicial resolution, the Insured and the Company each agree that any suit shall be brought and heard in a court of competent jurisdiction within the State of New York. The Insured and the Company further agree to comply voluntarily with all the requirements necessary to give such court jurisdiction.

Def.'s Ex. A, p. 45.  Plaintiff argues that the clause should not be enforced because the

---

[1] Plaintiff does not contest that Rule 12(b)(6) is a proper mechanism for Defendants' motion. Rather, Plaintiff argues that the doctrine of *forum non conveniens* is applicable. However, "[t]he common-law doctrine of *forum non conveniens* 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,'" *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.* 549 U.S. 422, 430 (2007) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2 (1994)).

endorsement to the lead insurer's policy, Lexington, provides:

> In the event of failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any court of competent jurisdiction in the United States to remove the action to a United States District Court or to seek a transfer of a case to another court as permitted by the laws of the United States or any state in the United States.

Pl.'s Ex. A, p. 1. Plaintiff contends that, pursuant to Michigan law, the endorsement supersedes the policy. *See Besic v. Citizens Ins. Co. of the Midwest,* 800 N.W.2d 93, 97 (Mich. Ct. App. 2010) ("When a conflict arises between the terms of an endorsement and the form provisions of an insurance contract, the terms of the endorsement prevail") (quoting *Hawkeye–Security Ins. Co. v. Vector Constr. Co.,* 460 N.W.2d 329, 380 (1990)). Plaintiff argues that the endorsement does not allow Defendants to rely on the policy's forum selection clause and that its choice of forum is binding if the action is first filed in federal court. The parties' contract states that New York law governs. However, Defendants have not objected to Plaintiff's reliance on Michigan law.

A contract executed pursuant to Michigan law must be read as a whole "with a view to ascertaining the intention of the parties, determining what the parties' agreement is, and enforcing it." *Roberts v. Titan Ins. Co.*, 764 N.W.2d 304, 315 (Mich. Ct. App. 2009) ("It is a cardinal principle of construction that a contract is to be construed as a whole; that all its parts are to be harmonized so far as reasonably possible; that every word in it is to be given effect, if possible; and that no part is to be taken as eliminated or stricken by some other part unless such a result is fairly inescapable"). In Michigan, absent any ambiguities, the contact must be read based on its plain language. *Id.* The Court notes that New York courts have held "that in construing an endorsement to an insurance policy, the endorsement and the policy must be read

together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement." *County of Columbia v. Continental Ins. Co.*, 634 N.E.2d 946, 950 (N.Y. 1994). Further, any ambiguities must be read against the Insurer. *Hunt v. Ciminelli-Cowper Co., Inc.,* 939 N.Y.S.2d 781, 784 (N.Y. App. Div. 2012).

The Court does not find any ambiguities in the contact. The endorsement provision that Plaintiff relies on states by its plain language that the clause is not a waiver of Defendants' right to "to seek a transfer of a case to another court as permitted by the laws of the United States or any state in the United States." Defendants here do not seek to transfer to another court of competent jurisdiction; they seek dismissal and enforcement of the forum selection clause that was bargained away. The Defendants are not entitled to enforce the forum selection clause in the policy over that in the endorsement.

The Court recognizes that when there is a valid forum selection clause, it will be upheld absent a strong showing that the clause should be set aside. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991). The Sixth Circuit considers the following factors when determining whether a forum selection clause should be upheld: (1) whether the clause was obtained by unconscionable means, such as fraud or duress; (2) whether the forum selected would ineffectively or unfairly deal with the dispute; and (3) whether the selected forum would be "seriously inconvenient" such that it would be unjust to require the plaintiff to go there. *Wong v. PartyGaming Ltd*, 589 F.3d 821, 828 (6th Cir. 2009). The party opposing the clause bears the burden of proving that the clause is unenforceable. *Id.* Even considering these factors, the Court finds that the forum selection clause is not reasonable.

As to the first factor, Plaintiff argues that the insurance policies were the result of complex negotiations and that it did not "knowingly or willingly" consent to enforcing the forum

selection clause. The Court finds that this argument is meritorious. The endorsement does not specifically mention Michigan nor does it mention New York. The endorsement allows Plaintiff to file suit in a competent federal court and Defendants to seek a transfer.  Plaintiff contends that the endorsement specifically indicates that the parties may file a federal action in Michigan.

Regarding the second factor, Plaintiff contends litigation in New York would be ineffective because access to proof and view of the premises would be easier in Michigan than in New York. The Court finds that Plaintiff's argument as to this factor is persuasive. The insurance policy is for property located in Michigan and the damage caused was also in Michigan. It would be more efficient to resolve the parties' dispute in Michigan where the property and dispute arose than in New York.

As to the final factor, moving the litigation would be inconvenient to all parties. Neither Defendants nor Plaintiff are domiciled in New York and the source of the dispute did not arise in New York. Plaintiff contends that Defendants only seek to force Plaintiff to litigate in New York to pressure them to settle their dispute on less than advantageous terms. Plaintiff has chosen its home forum and generally the Plaintiff's choice is given great deference. *Wong*, 589 F.3d at 830. Plaintiff intended the endorsement language to trump the language of the forum selection clause in the policy over that in the endorsement.

Plaintiff also argues that because Lexington included a service of suit clause in its endorsement, it waived its right to removal. Plaintiff cites an Eleventh Circuit case. *See Russell Corp v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001). In holding that the insurance company had waived its right to removal, the clause at issue was:

> It is agreed that in the event of the failure of this COMPANY to pay any amount claimed to be due hereunder, this COMPANY, at the request of the INSURED, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements

*Id.* at 1043. The provision at issue here reads differently. There is nothing in the endorsement clause that states that the clause will constitute a waiver of the Company's right to remove the action to federal court or seek a transfer pursuant to the laws of the United States or another state. The *Russell* case is not applicable here.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss **[Docket No. 10, filed January 31, 2012]** is **DENIED**.

<u>S/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated:  August 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2012, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager