## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WAYNE COUNTY AIRPORT
AUTHORITY,

      Plaintiff,

v.             Case No. 11-CV-15472
              Honorable Denise Page Hood

ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY, *et al.*,

      Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

   This diversity action involves several insurance policies. Willow Run Airport's Hanger II suffered extensive water damage. The parties are now in dispute over the monies owed under the insurance policies. Now before the Court is Defendant Allianz Global Risks US Insurance Company, Federal Insurance Company, Lexington Insurance Company, and XL Insurance America, Inc.'s (Defendant Insurers) Motion to Dismiss Counts III and IV of Plaintiff's Complaint. For the reasons stated below, Defendant Insurers' Motion to Dismiss is GRANTED IN PART.

## I.  BACKGROUND

   Plaintiff Wayne County Airport Authority ("WCAA") is a governmental entity that operates Willow Run Airport in Ypsilanti, Michigan. On February 12, 2011,

Willow Run Airport's Hanger II suffered extensive water damage when a pipeline burst. Hanger II is insured by Defendant Insurers under materially similar policies for a total of $1 billion. Allianz covers 15 percent, Federal covers 10 percent, Lexington 50 percent, and XL covers 25 percent of possible loss. WCAA alleges that Defendant Insurers have not indemnified it for the loss to Hanger II and that this failure has frustrated WCAA's ability to undertake and complete repair or replacement of Hanger II within the two-year replacement requirement under the insurance policies. WCAA filed this action on December 14, 2011 alleging a breach of contract, unfair trade practice and bad faith pursuant to Mich. Comp. Laws § 500.2006, and estoppel. This motion to dismiss followed.

## II.   ANALYSIS

Defendant Insurers bring their motion pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) allows a party to move for judgment on the pleading after the close of the pleadings. The Court applies the same standard of review for a Rule 12© motion as it would for a motion under Rule 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). The Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337

2

(6th Cir. 2007). The Court will not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Id.*

To survive a Rule 12(c) motion, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).      Charter One brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007).

Defendant Insurers ask that the Court dismiss Counts III and IV of WCAA's complaint.  As an initial matter, the Court finds that Count IV of WCAA's complaint is adequately stated for the reasons set forth in the Court's Order Granting Plaintiff's Motion to Estop Defendant Insurers from Enforcing the Two-Year Rebuild

3

Requirement.

The Court now turns to Count III of WCAA's complaint. Count III of the complaint alleges Defendant Insurers failed to pay their individual shares of the documented loss timely and that such failure is an unfair trade practice under Mich. Comp. Laws § 500.2006. It further alleges that Defendant Insurers' failure to pay the individual shares of the document loss constitutes bad faith. The Court first notes that the application of New York law to this matter renders any claim under § 500.2006 inapplicable. Therefore, WCAA's request for 12 percent interest under § 500.2006 is likewise inapplicable.

The question becomes whether WCAA can maintain an action for bad faith under New York law. Defendant Insurers argue that WCAA cannot maintain an independent claim for bad faith. New York implies a covenant of good faith and fair dealing in every contract. *Witherspoon v. Rappaport*, 65 Fed. Appx. 356, 358 (2d Cir. 2003). Essentially, WCAA alleges that Insurers breached this implied covenant of good faith and fair dealing by acting in bad faith. WCAA's unfair trade practice and bad faith claim rests entirely on a breach of the insurance policy and is duplicative under New York law. *Harris v. Provident Life & Accident Iyou cans. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach

4

of contract claim, based upon the same facts, is also pled."); *TVT Records v. Island Def Jam Music Grp.*, 244 F.Supp.2d 263, 277 (S.D.N.Y. 2003) ("[A] claim for breach of the covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach . . . of an express provision of the underlying contract."); *Apfel v. Prudential-Bache Sec., Inc.,* 183 A.D.2d 439, 439 (N.Y. App. Div.1992) ("The cause of action alleging a breach of good faith is duplicative of a cause of action alleging breach of contract, since every contract contains an implied covenant of good faith and fair dealing.").

WCAA cites *Gauthier v. Countryway Ins. Co.*, 100 A.D.3d 1062. However, this case speaks to whether WCAA may recover consequential damages for Defendant Insurers' bad faith and not to whether a separate cause of action for bad faith may be maintained. WCAA may recover consequential damages for breach of the covenant of good faith and fair dealing in an insurance contract if "damages were within the contemplation of the parties." *Id.* at 1065. If WCAA is able to show that Defendant Insurers breached the contract and did so in bad faith, WCAA may recover consequential damages under New York law. WCAA cannot, however, maintain an independent claim for bad faith and unfair practices. The Court will allow WCAA to assert a claim for consequential damages based on Defendant Insurers' alleged bad faith breach of the insurance policy.

5

As to attorney fees, the Court finds that WCAA may not recover attorney fees under New York law. *New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 772 (N.Y. 1995) ("It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.").

## III.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint under FRCP 12(c) [Docket No. 30, filed January 9, 2013] is GRANTED IN PART.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 14, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

6